## Blum v. Mathious

*Lanshe & Lanshe*, for plaintiff.

*Mindlin, Sigmon, Briody & Littner*, for defendant.

PALMER, J., December 5, 1966.—This matter is before the court on defendant's motion for judgment on the pleadings.

On April 18, 1966, plaintiff filed her complaint in trespass for personal injuries received as a pedestrian when struck by a motor vehicle operated by defendant on March 24, 1963.

In his answer with new matter, defendant pleaded the statute of limitations. In her reply to new matter, plaintiff averred the statute of limitations had been tolled by the Federal Soldiers' and Sailors' Civil Relief Act of October 17, 1940, c. 888, §205, 54 Stat. 1181, 50 App. U.S.C.A. §525. Defendant then moved for judgment on the pleadings.

Defendant entered the military service of the United States on November 20, 1963. Between that date and November 6, 1965, he was stationed for varying periods in the United States, Europe and Cuba. Since November 6, 1965, he has been on active service in Viet Nam.

On October 23, 1964, plaintiff commenced an action arising out of the same facts by summons in the Court of Common Pleas of Lehigh County against defendant docketed to January term, 1965, 120. She filed her complaint on March 1, 1965. A return of service of the summons upon defendant by deputization in Northampton County was made. Upon preliminary objections, this service was set aside by the Lehigh County Court by an opinion and order of court filed May 17, 1966. This action in Lehigh County is, therefore, pending, although service thereon has not yet been made.

In support of his motion, defendant contends that a suit against a serviceman filed after the period of the statute of limitations has run is barred because the tolling provision of section 205 of the Soldiers' and Sailors' Civil Relief Act does not become effective until the serviceman's discharge or release from the military service. We are not persuaded by this argument.

Relevantly, section 205, 54 Stat. 1181, 50 App. U.S. C.A. §525, provides: "The period of military service shall not be included in computing any period . . . limited by any law, . . . for the bringing of any action . . . in any court, . . . by or against any person in military service . . . whether such cause of action . . . shall have accrued prior to or during the period of such service".

The legislative intent of the act is set forth in section 100, 54 Stat. 1179, 50 App. U.S.C.A. §510, as follows: "In order to provide for, strengthen, and expedite the national defense under the emergent conditions which are threatening the peace and security of the United States and to enable the United States the more successfully to fulfill the requirements of the national defense, provision is [hereby] made to suspend enforcement of civil liabilities, in certain cases, of persons in the military service of the United States in order to enable such persons to devote their entire energy to the defense needs of the Nation, and to this end the following provisions are made for the temporary suspension of legal proceedings and transactions which may prejudice the civil rights of persons in such service during the period herein specified over which this Act remains in force".

In our view, section 205 tolls the statute of limitations for the bringing of an action by or against a person in the military service whenever suit is brought. It does not bar the bringing of an action while such person is in the military service. The legislative purpose of the Relief Act is not contravened by this interpretation, since a defendant in the military service against whom suit is brought may have the proceedings stayed under section 201, 54 Stat. 1181, 50 App. U.S.C.A. §521, which provides: "At any stage thereof any action or proceeding in any court in which a person in military service is involved, either as plaintiff or defendant, during the period of such service or within sixty days thereafter may, in the discretion of the court in which it is pending, on its own motion, and shall, on application to it by such person or some person on his behalf, be stayed as provided in this Act . . . unless, in the opinion of the court, the ability of plaintiff to prosecute the action or the defendant to conduct his defense is not materially affected by the reason of his military service".

Moreover, it is to be noted section 205 refers to the bringing of an action by, as well as against, a person in the military service, and to adopt the view here pressed by plaintiff would preclude a plaintiff in the military service from claiming the benefits of the act, and thus tolling the statute of limitations in a suit which he wishes to bring while in the service. Thus, for example, let us suppose defendant in the instant case was a plaintiff; and let us further suppose he makes the military his career and remains in the service for 20 years, or more; and let us further suppose by the vagaries of his military assignments, he is out of the country and unable to institute suit on an action arising before he went into the military service until the statute of limitations thereon has expired. It manifestly would be a tortured construction of the Federal Soldiers' and Sailors' Civil Relief Act of 1940 to prevent him from bringing suit and claiming his statutory right to toll the statute of limitations until he is released from the service at some distant time in the future when witnesses and parties would be dead or unavailable.

For these reasons, the motion for judgment on the pleadings is denied and dismissed.

### ORDER OF COURT

And now, December 5, 1966, defendant's motion for judgment on the pleadings is denied and dismissed.